UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEVIN JENKINS, an individual,

        Plaintiff,

v.                                                  Case No. 5:07-cv-133-Oc-GRJ

CHARLES R. JURY, an individual, MARY
ALICE TILLAPAUGH, an individual,

        Defendants.
_____

## **ORDER**

On November 12, 2008, the Court granted Defendant Tillapaugh's ("Tillapaugh") Motion for Summary Judgment and ordered Plaintiff to show cause why Tillapaugh is not entitled to attorney's fees and costs for the defense of this litigation following her deposition. (Doc. 28.) Plaintiff has filed a Response (Doc. 45) to the Court's Order and therefore the issue is ripe for review.

Also ripe for review is Plaintiff's challenge to the costs taxed against him. On November 17, 2008, the Clerk taxed costs against Plaintiff in the sum of $831.60 on the Bill of Costs filed by Defendant. (Doc. 35.) Plaintiff has objected to the taxation of costs in his Notice and Request For De Novo Review (Doc. 43) to which Tillapaugh has filed a response in opposition. (Doc. 44.)

For the reasons discussed below, Tillapaugh's request for an award of attorney's fees is due to be **GRANTED** and Plaintiff's objection to the taxation of costs is due to be **SUSTAINED in part and OVERRULED in part.**

## I. BACKGROUND AND FACTS

Plaintiff alleges that Defendants knowingly and willfully infringed on Plaintiff's registered copyrights by producing, importing, displaying, advertising, distributing and/or selling in the United States the Plaintiff's fish sculptures. The Amended Complaint filed by Plaintiff contains claims against Defendants for Copyright Infringement (Count I), Unfair Competition (Count II) and Unfair Competition and Deceptive Trade Practices (Counts III).

On July 13, 2007, Tillapaugh's counsel sent a letter to Plaintiff's counsel requesting that Plaintiff dismiss her from the action because the claims her were completely without merit.[1] Tillapaugh's counsel also requested that Plaintiff and Defendant confer to avoid the unnecessary filing of a motion for summary judgment.[2] Shortly thereafter, Plaintiff's counsel sent a letter to Tillapaugh's counsel requesting that Tillapaugh provide him with evidence that she was not involved. On November 21, 2007, Plaintiff deposed Tillapaugh, which according to the Plaintiff, lasted approximately twenty minutes.[3] At Tillapaugh's deposition, Plaintiff's counsel advised Defendant's counsel on the record: "We have every intention-and I say 'we' because Kevin and I have talked– based on the representations and what's been said here today, to drop

---

[1] Doc. 17, Ex. 6.

[2] Id.

[3] Doc. 17 Ex. 5.

Mary Alice. I have no reason to believe we're going to change our mind. I just want you to know."[4]

Despite the fact that Plaintiff realized at the deposition that the claim against Tillapaugh had no merit and admitted to such, Plaintiff did not drop Tillapaugh from the suit. Instead, Tillapaugh continued to be a Defendant and on February 15, 2008, Plaintiff's deposition was taken.[5] Finally, because Plaintiff had not dropped Tillapaugh from the case, Tillapaugh was forced to file a motion for summary judgment and within the motion requested that the Court award sanctions in the form of an award of attorney's fees and costs incurred in the defense of the claims brought against her by Plaintiff.[6]

In his response to Tilliapaugh's motion for summary judgment, Plaintiff did not oppose her dismissal from the case, conceding that the record did not support a claim that Tillapaugh was involved with the infringing activity.[7] Consequently, on November 12, 2008, the Court granted Tillapaugh's Motion for Summary Judgment as to Counts I, II and III of the Amended Complaint and ordered Plaintiff to show cause as to why Tillapaugh is not entitled to attorney's fees and costs for her defense of this litigation following her deposition.

Following entry of judgment in favor of Tillapaugh, the Clerk taxed costs against Plaintiff in the sum of $831.60 for the costs of depositions detailed in Tillapaugh's Bill of

---

[4] Doc. 17 Ex. 5, Depo. of Mary Tillapaugh, p. 16.

[5] Doc. 17 Ex. 1.

[6] Doc. 17.

[7] Doc. 19.

Costs.[8] Plaintiff challenges the taxation of the costs, arguing that the costs of all of the depositions should not be taxed, particularly because only $4.00 of the taxable costs was attributable to Tillapaugh's deposition. Tillapaugh responds that the deposition costs are taxable because they were specifically used in her summary judgment motion.

## II. **DISCUSSION**

### *A.  Attorney's Fees*

Tillapaugh contends that she is entitled to an award of attorney's fees and costs pursuant to 28 U.S.C. § 1927 as well as pursuant to 17 U.S.C. § 505 of the Copyright Act.

Turning first to § 1927, this provision provides in relevant part that "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[9] Imposition of these sanctions is within the discretion of the district court.[10] The purpose of Section 1927 is to limit the abuse of court processes and discourage dilatory litigation practices.[11] Due to its punitive nature, Section 1927 must be strictly construed.[12]

---

[8] Doc. 35.

[9] 28 U.S.C. § 1927.

[10] Peterson v. BMI Refractories, 124 F.3d 1386, 1390 (11th Cir. 1997).

[11] Roadway Express Inc. v. Piper, 447 U.S. 752, 762-63 (1990).

[12] Monk v. Roadway Express, Inc., 599 F.2d 1378, 1382 (5th Cir. 1979), *aff'd sub nom.*, Roadway Express Inc. v. Piper, 447 U.S. 752 (1990).

Under §1927 before a Court may enter sanctions the challenged conduct must be "unreasonable and vexatious" and the conduct must "multiply [the] proceedings." Where sanctions are appropriate the amount of the sanctions must relate to the excess proceedings caused by the objectionable conduct.[13] "Sanctions under Section 1927 are measured against objective standards of conduct."[14] An attorney multiplies proceedings "unreasonably and vexatiously" only when the attorney's conduct is so egregious that it is "tantamount to bad faith."[15] To evaluate such conduct, "court[s] must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard."[16]

Because the Court already has found that Plaintiff's entitlement to attorney's fees, if any, is only appropriate for the time period *after* Tillapaugh was deposed, the Court will focus on the conduct from that time period forward. Although, Tillapaugh's counsel become aware at her deposition that the there was little support for the claims against her - and he did not voluntarily dismiss her from the case which caused Tillapaugh to have to file a motion for summary judgment - the Court concludes that there is no evidence of bad faith conduct on the part of Plaintiff's counsel in failing to drop Tillapaugh from the case. Rather, it is apparent from the chronology of events that the failure to drop her was due more to neglect than an effort to engage in bad faith

---

[13] 28 U.S.C. § 1927; Amlong & Amlong, P.a. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting Avirgan, 932 F.2d 1572, 1582 (11th Cir. 1991)).

[14] Amlong, 500 F.3d 1239.

[15] Id.

[16] Id. at 1241.

litigation tactics. This conclusion is highlighted by the fact that Plaintiff for all intents and purposes did not challenge Tillapaugh's motion for summary judgment or attempt to argue that she should be kept in the case as a party. Something more than a lack of merit is required to support sanctions under §1927.[17] Moreover, to establish that an attorney's conduct was "unreasonable and vexatious" the conduct must have a manifold effect on court processes,[18] such as causing the multiplication of proceedings by abusive discovery tactics, reassertion of meritless claims and any other conduct resulting in the lengthening of trial proceedings.[19] Other than requiring Tillapaugh to file a motion for summary judgment, there is no other conduct which caused the proceedings to become multiplied unreasonably

Accordingly, for these reasons, the Court concludes that Tillapaugh is not entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1927. The Court's determination that Tillapaugh is not entitled to attorney's fees under § 1927 is, however, academic in view of the fact that Tilliapaugh is entitled to an award of attorney's fees under 17 U.S.C. § 505.

The Copyright Act of 1976,[20] provides that in any copyright infringement action a court may award a reasonable attorney's fee to a prevailing party as part of the costs.

---

[17] *See* Id. at 1241.

[18] Peterson v. BMI Refractories, 124 F.3d 1386, 1396-97 (11th Cir. 1997).

[19] Browning v. Kramer, 931 F.2d 340, 345 (5th Cir. 1991).

[20] 17 U.S.C. § 505, et. seq.

The imposition of attorney's fees is at the court's discretion.[21] In *Fogerty*, the Supreme Court provided a nonexclusive list of factors which district courts may consider when determining whether to award a prevailing party attorney's fees under Section 505.[22] These factors include, "frivolousness, motivation, objective reasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."[23]

Although Plaintiff's counsel represents that he forgot to prepare and file a dismissal of Tillapaugh after her deposition the fact remains that there was little if any merit in the claims against Tillapaugh and she was required to file a motion for summary judgment to obtain her dismissal from the case.

According to Plaintiff, although Tillapaugh continued to be a party in the case she was not inconvenienced by the litigation, she was not required to respond to any written discovery requests and when she was deposed the deposition lasted only twenty minutes. Despite the fact that the claim against her lacked merit, Tillapaugh continued to require representation from a lawyer. Furthermore, even after her deposition revealed that there was no evidence of record to support a claim against her, an additional deposition was conducted and it became necessary to file a summary judgment motion on Tillabaugh's behalf. Therefore, because of the lack of merit in the claims and coupled with the fact that Tillapaugh was required to file a motion to obtain her dismissal

---

[21] Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

[22] Jacob Maxwell, Inc. v. Veeck, 110 F.3d 749, 754 (11th Cir. 1997) (citing Fogerty, 510 U.S. at 534.)

[23] Id.

from this case, the award of attorney's fees under § 505 is appropriate and necessary in this case.

Accordingly, the Court concludes that Tillabaugh as the prevailing party is entitled to an award of reasonable attorney's fees pursuant to 17 U.S.C. § 505 for services incurred in representing her interests from the date of her deposition until the entry of final judgment. Because counsel has not filed any supporting information as to the amount of attorney's fees requested, counsel for Tillabaugh is directed to file within **ten (10) days** of the date of this Order an affidavit and any other supporting documentation reflecting the services performed and the amount of attorney's fees reasonably and necessarily incurred in representing Tillapaugh. Plaintiff may file a response within **ten (10) days** of service of Defendant's affidavit. After receipt of a response from Plaintiff, or after the deadline to file a response has passed, the Court will enter a further Order awarding attorney's fees, or if necessary, conduct such further proceedings which may be necessary.

*B.    Costs*

The Clerk has taxed costs in the sum of $831.60 in favor of Tillapaugh and against Plaintiff for court reporter fees related to the depositions of Plaintiff and both Defendants. Plaintiff challenges the taxation of these costs arguing that they are excessive because only $4.00 of the costs is attributable to Tillapaugh's deposition. Plaintiff's objections to the taxation of these costs is due to be sustained in part and is due to be denied in part.

Deposition costs are taxable to the prevailing party under 28 U.S.C. § 1920(2) where they are "necessarily obtained for use in the case."[24] This includes costs "associated with the depositions submitted by the parties in support of their summary judgment motions."[25]

Each of the depositions included in the Bill of Costs was specifically used by Tillabaugh in her Motion for Summary Judgment.[26] Accordingly, each of the depositions was necessarily obtained for use in the case and therefore each of the depositions was properly included in the taxable costs.

However, because the entirety of the testimony of the Plaintiff and the testimony of the co-defendant were not relied upon in supporting Tillapaugh's Motion For Summary Judgment, the entire $831.60 should not be taxed in favor of Tillapaugh. In view of the fact that there is no precise method of allocating those portions of the depositions which were necessary to support Tillapaugh's motion for summary judgment - and in view of the fact that the costs were incurred jointly on behalf of both defendants - the Court determines that it is appropriate to allocate one-half of the deposition costs to Tillapaugh. Accordingly, Tillapaugh is entitled to an award of costs in the total sum of $415.80, representing one-half of the costs of the depositions

---

[24] 28 U.S.C. § 1920(2).

[25] E.E.O.C. v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000).

[26] Doc. 17 Exs. 1, 3, 5.

necessarily used in the case. The Clerk is directed to enter an amended bill of costs taxing costs in favor of Tillapaugh and against Plaintiff in the sum of $415.80.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on February 2, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel